(November 1, 1918.)

W. H. SHOUP and the SALMON VOLUNTEER FIRE DEPARTMENT, an Association, Appellants, v. CHARLES A. BEERS and the CITY OF SALMON, a Municipal Corporation, Respondents.

[175 Pac. 811.]

PLEADING—DEMURRER TO COMPLAINT—FAILURE TO STATE FACTS SUFFICIENT TO CONSTITUTE A CAUSE OF ACTION.

1. The plaintiff association claims to be the successor in interest to a former association known as Salmon Hose Company No. 1 and to be entitled to a fund remaining in the possession of the treasurer of said association. There is no allegation in the complaint as to the source from which said fund was derived; no facts are alleged showing that the Salmon Volunteer Fire Department is the successor in interest to Salmon Hose Company No. 1, or entitled to any moneys in possession of the treasurer of the latter association or that it has any interest in such fund; or that the plaintiff Shoup, as treasurer of the existing plaintiff association, or the city of Salmon has any interest in such fund. *Held*, that the complaint fails to state facts sufficient to constitute a cause of action, and the demurrer upon that ground was properly sustained.

APPEAL from the District Court of the Sixth Judicial District, for Lemhi County. Hon. James G. Gwinn, Presiding Judge.

Action for an accounting. Dismissed. *Affirmed.*

E. W. Whitcomb, for Appellants.

Stevens & Clute and L. E. Glennon, for Respondents.

Counsel cite no authorities on point decided.

BUDGE, C. J.—The amended complaint alleges in substance that the city of Salmon is a municipal corporation and the successor in interest to the town or village of Salmon City; that about March 8, 1898, certain citizens and residents of the village, with the consent of its trustees, organized a volunteer fire department under the name of Salmon Hose Company No. 1; thereafter the trustees purchased fire apparatus, constructed a building to house the same, and, thereafter purchased supplies for the company as needed. Its principal officer, the chief of the fire department, was appointed annually by the chairman of the board of trustees. On May 7, 1907, at a regular meeting of the members of the association, by-laws were adopted, article 1 thereof providing that the organization should consist of not more than thirty members, who should meet regularly at the hose-house, and article 7 thereof providing that any member absenting himself from four consecutive regular meetings, fires included, should be deemed dropped from the roll of members. At a meeting of said association, held March 2, 1909, the report of the treasurer showed a balance of $407.54 on hand, and at the same meeting respondent Beers was duly elected treasurer. About November 30, 1909, another meeting was held, but no further meetings were ever held. Certain funds, including the $407.54, remain in the hands of Beers "as trustee for the benefit of such parties as are entitled to receive the same, said funds having been originally received by him as treasurer of

said Salmon fire department.'' On April 15, 1915, the Mayor and Council of the city of Salmon passed an ordinance pro-· viding and creating a volunteer fire department. Certain citizens and residents thereof, consisting in part of the persons who were members of the Salmon Hose Company No. 1, acting under the provisions of the ordinance, about October 26, 1915, organized themselves into an association designated as the Salmon Volunteer Fire Department, by adopting by-laws and electing officers thereunder, and appellant Shoup was elected treasurer. It ''is the duly and legally created successor in interest of the said association organized on or about March 8, 1898, and as such successor in interest is legally entitled to all money held in trust'' by Beers. Shoup in his capacity as treasurer of the Salmon Volunteer Fire Department has made demand upon Beers for all such funds and property in his possession, which has been refused. Appellants have no means of knowing how much money and property is held by Beers, received by him as treasurer of the first association. The city of Salmon has at all times been interested in the Salmon Hose Company No. 1, and in all funds in the possession thereof, intended for the use and benefit of the company as an organization for fighting fire within the municipality of the city of Salmon, then being the Village of Salmon City, and in the ultimate disposition of any money held by Beers as an officer of said company so far as the same may be used and made applicable for the prevention of fire in said city of Salmon.

The complaint prays that Beers be required to give an accounting, that the city of Salmon come into court and set up its right in the money, that upon the amount being determined he be directed to turn the same over to Shoup as treasurer of the Salmon Volunteer Fire Department.

The city of Salmon answered, admitting and denying certain allegations, denying any interest in the fund, and praying that it be discharged as a party defendant.

A demurrer by respondent Beers, on the ground that the complaint failed to state a cause of action, was sustained and leave given to amend. Upon appellants' refusal so to do,

judgment was entered, dismissing the action.   This appeal is from the judgment.

The only question presented is whether the complaint states facts sufficient to constitute a cause of action.   There is no allegation as to the source or sources from which the fund in question was derived.   There are no facts alleged upon which to base the conclusion set forth in the complaint that the Salmon Volunteer Fire Department is the successor in interest to the former association or is entitled to any moneys in Beers' possession in trust or otherwise, or that the Salmon Volunteer Fire Department has any interest whatever in the fund, or showing that Shoup, either as an individual or as treasurer of the Salmon Volunteer Fire Department, has any interest therein; or from which it can be inferred what, if any, interest any of the members of the Salmon Volunteer Fire Department, or the city of Salmon, have in the fund, or that the city of Salmon is interested in the ultimate or other disposition of any money held by Beers, or showing to what extent, if at all, the fund should be made applicable for the prevention of fire in the city of Salmon.

The demurrer was properly sustained.   The judgment is affirmed.   Costs are awarded to respondent.

Morgan and Rice, JJ., concur.